UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Defendants' Motion for Summary Adjudication**

Before the Court is a motion for summary adjudication of Alecia Ballin's ("Plaintiff") first, second, fifth, sixth, seventh, and eighth causes of action, filed by Defendants Russ Bassett Corp. and Insperity PEO Services ("Defendants"). *See* Dkt. # 27 ("*Mot.*"). Plaintiff opposes the motion, *see* Dkt. # 28 ("*Opp.*"), and Defendant timely filed a reply, *see* Dkt. # 29 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS Defendant's motion.

I.   Background

Plaintiff Alecia Ballin was employed by Defendants as a non-exempt project coordinator at Defendants' Whittier facility from May 10, 2013 to February 26, 2016. Dkt. # 13, *First Amended Complaint* ("*FAC*") ¶ 7. During that time, there were 700 work days, which excluded 146 Saturdays, 146 Sundays, and 30 public holidays. *See* Dkt. 27-3, *Declaration of Linn Steinbeck* ("*Steinbeck Decl.*") ¶ 3. By the time Plaintiff's employment was terminated in 2016, she was earning $18 per hour. *Id.* ¶ 4; *Defendant's Uncontroverted Material Facts* ("*UMF*") 3; *Mot.* 1.

On August 23, 2016, Plaintiff submitted notice of a Private Attorneys General Act ("PAGA") claim to the California Labor & Workforce Development Agency and to Defendants, seeking payment from Defendants for alleged Labor Code violations. *UMF* 9-10; *Mot.* 2-3. In response, on October 5, 2016, Defendants sent to Plaintiff's counsel two checks, made payable to Plaintiff, in the total amount of $39,000. *UMF* 11; *Steinbeck Decl.* ¶ 6; Dkt. 27-1, Ex. D; *Mot.* 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

The payments were in the following amounts for the following claims alleged by Plaintiff:

| Claim | Amount |
|---|---|
| Failure to provide meal periods | $15,000 |
| Failure to provide rest periods | $15,000 |
| Single violation of Labor Code 226.3 | $250 |
| Single violation of Labor Code 204 | $150 |
| Unreimbursed expenses | $250 |
| Penalties under Labor Code 226 | $4,000 |
| Penalties under Labor Code 203 | $4,320 |

*UMF* 13. Defendant calculated the meal break payment by assuming one missed meal for every day worked, calculated as 700 work days x $18 premium = $12,600. *Id*. 5. Rest periods were calculated in the same manner, equaling $12,600. *Id*. Plaintiff was paid $15,000 for each of these claims, an overage totaling $4,800. *Id*.

For the failure to maintain required records in violation of § 226.3 claim, Plaintiff was paid the statutory fee of $250. *Id*. 6. She was also paid the statutory $150 penalty for the alleged one-time violation of § 204. *Id*. For the failure to furnish accurate wage statements claim, Plaintiff received $4,000—the maximum penalty allowed per § 226(e)(1). *Id*. For her waiting time claim pursuant to § 203, she also received the maximum penalty, calculated as her daily rate (8 hours x $18 = $144) for 30 days ($144 x 30 = $4,320). *Id*. 5.

Finally, Plaintiff was paid $250 for unreimbursed business expenses, although she had not made any request for the reimbursement of such an expense. *Id*. 6.

Approximately four months later, on February 17, 2017, Plaintiff filed a class action complaint asserting a representative claim for penalties under PAGA, and the action was dismissed without prejudice on May 18, 2017. *Mot*. 2. On May 26, 2017, Plaintiff filed the current action, a putative class action complaint. *See* Dkt. # 1, *Complaint* ("*Compl*."). She alleges various wage and hour violations, including (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to furnish accurate itemized wage statements; (7) failure to maintain required records; (8) failure to indemnify employees for necessary expenditures; and (9) unfair business practices. *Compl*.; *UMF* 4. On June 30, 2017, she filed a first amended complaint ("FAC"), adding a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

collective action claim for failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act. *See generally FAC*; *Mot*. 2.

Defendant moves for summary adjudication of Plaintiff's First, Second, Fifth, Sixth, Seventh, and Eighth causes of action, on the grounds that Plaintiff has already been provided complete relief in the way of money payment for each of those claims, and thus her claims are moot. *See generally Mot*.

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Electric Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.     Discussion

The parties agree that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). Defendants assert that Plaintiff's claims have been mooted by Defendants' unconditional payment of all of her claimed damages. *Mot*. 8. Defendants point to the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

Circuit's holding in *Chen v. Allstate Insurance Co*. to support their argument that Plaintiff's claims are moot by virtue of Defendants having paid her in full for each of them. *Id*. 12. In *Chen*, the Court stated, "Under Supreme Court and Ninth Circuit case law, a claim becomes moot when a plaintiff actually receives complete relief on that claim, not merely when that relief is offered or tendered." 819 F.3d 1136 (9th Cir. 2016). The Court held that the defendant in that case had *not* "unconditionally relinquished its interest" in the funds it paid Plaintiff because it had placed the funds into an escrow account, to be transferred upon entry of the court's judgment, and thus Plaintiff had not "actually received" relief. Plaintiff's claims were therefore not mooted. *Id*. at *1. Here, on the other hand, Defendants argue that they have "unconditionally relinquished [their] interest in the $39,000 to Plaintiff" by giving her a check, which "fully extinguishes Plaintiff's individual monetary claims for Article III purposes." *Mot*. 12-13.

Plaintiff argues that Defendants have *not* tendered the $39,000, because "the funds remain in their possession and they retain an interest in it;" because Plaintiff has not yet cashed the check, "tender remains imperfect." *Opp*. 15.[1] The Court rejects this argument. Unlike in *Chen*, Defendants have unconditionally relinquished their right to the funds (there is no condition Plaintiff must fulfill before receiving the funds) and Plaintiff need not await a court order to receive them—she has only to deposit the check, an act that is entirely within her own control. Plaintiff argues that Defendants retain an interest in the funds because they are presumably earning interest on the money while the check remains uncashed. *Opp*. 15. If Defendants are profiting from any interest, it is only because Plaintiff has not yet cashed the check. The Court determines that, for the purposes of analyzing whether Plaintiff's claims have been extinguished, Defendant's unconditional payment in the form of a check to Plaintiff constitutes tender.

The issue, then, is whether the tender of funds provides Plaintiff complete relief, thus mooting her claims. Defendants argue that there is "no recovery the Court can award Plaintiff with respect to these claims," and therefore there exists no live case or controversy to confer Article III standing. *Mot*. 8. Defendants point to the Supreme Court's holding in *Campbell-Ewald Co. v. Gomez*, in which the Court drew a distinction between a defendant actually "mak[ing] payment" and offering to pay "but [taking] no further steps," the latter of which did

---

[1] Plaintiff suggests that perfect tender of the $39,000 could have been achieved by giving her cash, which does not require the additional step of depositing a check. *Opp*. 15. The Court recognizes the impracticality of Defendants making a $39,000 cash payment, and need not entertain this line of argument in any event as it has adopted Defendants' position regarding tender.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

not moot plaintiff's claims—and leaving open the possibility that the former would. 136 S. Ct. 669, 676 (2016).

Plaintiff has not offered evidence of any dispute of fact as to the amount she alleges she is owed for her individual claims. Defendants correctly point out that Plaintiff's opposition does not dispute that the amount Defendants paid, $39,000, is equal to or greater than her individual claims, thus conceding the issue; indeed there is no allegation that Defendants have not paid *enough* for the individual claims. *Reply* 1. Rather, the parties disagree as to whether Defendants' tender of the $39,000 constitutes "actual payment" or a settlement offer of the type at issue in *Campbell-Ewald*. In communications with Plaintiff's counsel, Defendants repeatedly classified the checks as payments and disclaimed that any offer of settlement was made ("The checks sent to your client are/were not offers of settlement."). Dkt. 27-1, Ex. F. Plaintiff in turn refers to the money as a settlement offer ("Your client's offer of settlement has been rejected.)" Dkt. 27-1, Ex. E. Defendants argue that an unconditional payment would moot Plaintiff's claims under *Campbell-Ewald*, while Plaintiff notes that in that case, the Court held that a rejected settlement offer does *not* moot a plaintiff's claims ("[A]n unaccepted settlement offer . . . does not moot a plaintiff's case," 136 S. Ct. at 672). *Opp*. 12.

Defendants' payment was made well before Plaintiff filed her complaint, when there was no pending action, and the payment was not made conditional upon a release of her claims—nor was any other condition imposed. *Mot*. 1. Defendants did not *offer to pay* Plaintiff, but rather *did pay* her. They sent her a check for the full amount of possible damages with no strings attached, and the Court determines the payment was exactly that: a payment.

Plaintiff nonetheless argues that monetary payment does not afford complete relief because she also seeks a finding of liability against Defendants; such a finding would afford her "recognition in the eyes of public opinion that her claims have merit and thereby mitigating the stigma that a subsequent employer with knowledge of Plaintiff's legal dispute may later impose." *Opp*. 11. More tangibly, a finding of liability would support her request for injunctive relief and "provide a basis for changes to illegal corporate policies and practices" upon which her claims are based. *Id*. However, without standing to bring the underlying claims, Plaintiff cannot seek such a finding, nor can she seek injunctive relief.[2]

---

[2] Plaintiff also asserts that her claims are not moot because Defendant has not paid attorneys' fees and interest. *Opp*. 11. The Court notes that Defendant rendered payment months before Plaintiff filed this action, and thus before any attorneys' fees or interest had accrued; Plaintiff has offered no facts to give rise to a material dispute as to this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

Article III standing requires an injury in fact, a causal connection between the injury and the conduct complained of, and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court has repeatedly held that the redressability requirement is not satisfied, and therefore standing is not conferred, where a plaintiff seeks injunctive relief and that relief would *not* remedy the alleged injury. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108-10 (1988) (citing *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)).

Here, any injunctive relief provided by the Court would not remedy the alleged injury against Plaintiff because she no longer works for Defendants. *Mot*. 1. Plaintiff has been paid in full the amount of monetary damages to which she claims she in entitled. Her only possible injury, then, is a past injury. "Unlike with damages, past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). In the employment context, courts have held that "[f]ormer employees lack standing to bring a claim for injunctive relief against their employers because such employees do not stand to benefit from the injunction." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011); *see also Byrd v. Masonite Corp*., 215 F.Supp.3d 859 (C.D. Cal. July 7, 2016) ("As a former employee of Defendant, Plaintiff lacks standing to sue for injunctive relief."); *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 986 (9th Cir. 2011) (finding that named plaintiffs in a class action case lack standing to sue for injunctive relief regardless of whether the certified class included both current and former employees of the defendant-employer); *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee lacked standing to bring a claim for injunctive relief under Americans with Disabilities Act because she "would not stand to benefit from an injunction ... at her former place of work"). In the context of a putative class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

Plaintiff's damages have been paid at the maximum amount to which she may be entitled; her injuries have been fully redressed. As such, she lacks standing to pursue her claims. Summary adjudication of Plaintiff's first, second, fifth, sixth, seventh, and eighth causes of action in favor of Defendants on the basis that Plaintiff's claims are moot is therefore GRANTED. Plaintiff cannot represent a putative class absent an individualized injury, and therefore Defendant's motion as to Plaintiff's putative class claims for those causes of action is also GRANTED.

IV.   Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-3981 PSG | Date | December 6, 2017 |
|---|---|---|---|
| Title | Alecia Ballin v. Russ Bassett Corp. and Insperity PEO Services | | |

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary adjudication of Plaintiff's first (failure to provide meal periods), second (failure to provide rest periods), fifth (failure to pay wages due to discharged and quitting employees), sixth (failure to furnish accurate wage statements), seventh (failure to maintain required records), and eighth (failure to indemnify employees for necessary expenditures) causes of action , as well as for Plaintiff's putative class claims as to those causes of action.

**IT IS SO ORDERED**.